UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| YOLANDA BOND, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-11-538 |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO DISMISS

### I.

Before the Court is the defendant, JPMorgan Chase Bank, N.A.'s, motion to dismiss the plaintiffs Yolanda Bond and David Bond's complaint (Doc. No. 5). The plaintiffs have not filed a response although the time to do so has passed. The Court, now, having reviewed the motion and pleadings on file, determines that the defendant's motion should be granted.

### II.

The plaintiffs purchased a property in Brazoria County, Texas, on or about May 25, 2001. At a point in time prior to December 6, 2011, the plaintiffs became delinquent in the payment of their note obligation. According to the defendant's pleadings a notice of default and a notice of substitute trustee's sale were forwarded to the plaintiffs. Earlier, the plaintiffs had requested copies of the transfer and assignment documents evidencing the transfer of rights to JPMorgan Chase Bank, N.A. As well, the plaintiffs had requested that Chase produce the original note to verify that it was the true holder of the notes. When the defendant did not produce the documents, but instead proceeded with foreclosure on the debt, the plaintiffs filed suit in state court on December 1, 2011.

The state district court granted to the plaintiffs a temporary restraining order and set the plaintiffs' request for injunctive relief for a hearing on December 13.  However, on December 12, prior to the scheduled hearing, the defendant caused the case to be removed to federal court on the basis of diversity.  *See* 28 U.S.C. §§ 1441 and 1446.  Shortly after the removal, the defendant filed its motion to dismiss.  That motion is the subject of this Order.

### III.

The defendant claims in its motion to dismiss that the plaintiffs have failed to state factual allegations that support a cause of action on any basis.  Specifically, the defendant asserts, as to the plaintiffs' complaint, that it should be dismissed because: (a) it seeks to impose requirements on the defendant that are inconsistent with Texas law; (b) the pleadings fail to allege a valid claim under Texas law; (c) failing to produce the note and deed of trust do not constitute a cause of action for which relief is available under the Texas Business & Commerce Code; and (d) the plaintiffs' allegations do not properly state a violation of the Texas Finance Code.  Therefore, the defendant asserts, the plaintiffs are not entitled to a declaratory judgment or injunctive relief.

### IV.

A defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations

2

in the complaint are true (even if doubtful in fact)." *Bell At'l. Corp. v. Twombly*, 550 U.S. 544, 555, 127 (2007) (internal citations omitted).   Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555).   Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556).   "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'— 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail.  *See Twombly*, 550 at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**V.**

The plaintiffs have failed to join issue with the defendant in their motion to dismiss even though more than 30 days have expired since the motion was filed.  Nevertheless, the Court must determine whether, assuming the facts asserted by the plaintiffs to be true, the plaintiffs have stated a claim to relief that is plausible on its face.  *See Bell At'l. Corp.*, 550 U.S. at 570.

An examination of the plaintiffs' petition reveals that their chief complaint is that the defendant failed to produce a copy of the note and deed of trust, thereby establishing that they, the defendant, are the "true Holder in Due Course" of the note.  They further argue that because the defendant has failed in this regard, it is without the authority required by state law to take the necessary steps to foreclose the plaintiffs' note and deed of trust.  Hence, they claim property code, commerce code and finance code violations.

The facts supporting the plaintiffs' various claims are non-existent, which circumstance means that the pleadings fail to raise a claim beyond mere speculation.  *See Lexington Ins. Co. v. S.H.R.M. Catering Services, Inc.*, 567 F.3d 182, 184 (5th Cir. 2009).  When pleadings are merely labels and conclusions a cause of action is not asserted and the case will not stand.  *See Twombly*, 550 U.S. at 555.

Because the plaintiffs have failed to adequately plead a cause of action, the defendant's motion to dismiss should be, and it is hereby, granted.

It is ORDERED that the plaintiffs' suit is, and it is hereby, dismissed with prejudice.

SIGNED at Houston, Texas this 14th day of February, 2012.

_____
Kenneth M. Hoyt
United States District Judge

4